*ZENOR v. PARISH OF CONCORDIA.*

---

## R. C. KING, Tutor *v.* A. G. BOWEN et al.

Where the whole account has been referred to an auditor, it is error in the court to permit the counsel to divide it and try the case on a portion of it.

Where a party seeks to homologate the report of auditors, and, in his motion, makes reservations which leave the matters upon which the report is based, vague and uncertain and open to future litigation, a judgment homologating it will be equally vague and uncertain, and should not therefore be rendered.

Sums paid by a tutor, in the course of his administration, are considered *primâ facie* as proper charges against the minor he represents. Where there are circumstances which cast a suspicion upon his good faith, it is otherwise.

APPEAL from the District Court of Concordia, *F. H. Farrar*, J. *Thomas P. Farrar*, for plaintiff. *Stacy* and *Sparrow*, for defendants. By the court:

ROST, J. The defendant, *Bowen*, was removed from the tutorship of the minor, *Thomas McAlister*, and *Rodney C. King*, the tutor appointed in his place, instituted the present action against him and *James Miller*, his surety on his bond, to compel them to account.

The defendants appeared, and *Bowen* filed an account of his administration, which he subsequently amended at various times. In the original and amended accounts, the personal expenses of the minor and those of two plantations in which he had an undivided interest jointly with *Bowen*, were all included.

By consent of parties, these accounts were referred to *Zebelon York*, as auditor, to examine and state the same separately. At the ensuing term of the court, the auditor reported, but, by consent, the accounts were referred back to

him with authority to take testimony. At a subsequent term of the court, the auditor again reported, and the defendants' counsel moved to have the report homologated, and made the judgment of the court, reserving, at the same time, the right of *Bowen* to be allowed the amount charged in his amended account, filed 19th November, 1850 ; and further, stating that the account referred to the auditor, was not his final account, but only his account up to this          day of          and year          , with such errors and omissions as are stated in his amended account, or may be shown hereafter.

The plaintiff opposed the homologation on the ground, that the items charged were either not due, or not chargeable to the minor. On the issue thus made, the court rendered the following judgment :

" The law and the evidence being in favor of the accountant, *A. G. Bowen,* it is ordered, that his account embracing the years 1839, 1840, 1841, 1842, 1843, 1844, 1845, and 1846, be confirmed and homologated in each and every item, except one of $60 for medical services for the year 1839, in voucher number 7, and the sum of $9 68 for a box of sperm candles in voucher 58. It is further ordered, that the matters in relation to the other accounts, filed herein by the said *Bowen,* be continued."

The motion to homologate with the reservations it contains, leaves every question in the case open for future litigation, and the judgment based upon it, necessarily partakes of its vagueness and uncertainty. It adjudges no specific sum, and instead of homologating the report of the auditor, homologates the amended account of *Bowen,* while *Bowen* reserves, by his motion, the right of being allowed the amount charged in his amended account.

The whole account had been referred to the auditor, and the court erred in permitting the counsel to divide it, and try the case on a portion of it only. Such a course is calculated to protract litigation, and might have consequences ruinous to the minor. After the tutor had been removed, he should have rendered his account without unnecessary delay. A knowledge of his entire administration was necessary for a correct decision of the case, and the course which *Mr. Bowen* has adopted, is calculated to weaken the presumption of good faith ; in consequence of which, sums paid by a tutor in the course of his administration, are considered *primâ facie* as proper charges against the minor ·he represents. See the case of the heirs of *Frampton,* 3 R. R. 286.

It is ordered, that the judgment in this case be reversed, and the case remanded for further proceedings according to law. The plaintiff and appellee paying the costs of this appeal.